IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| **FRED RAHDAR,** §<br>§<br>*Plaintiff,* §<br>§<br>v. §<br>§<br>**AUSTIN CABALLERO,** in both his individual §<br>and official capacities as a patrol officer with the §<br>Friendswood Police Department; **ASAEL** §<br>**REYES**, in both his individual and official §<br>capacities as a patrol officer with the Friendswood §<br>Police Department; **CITY OF** §<br>**FRIENDSWOOD, TX**, a government §<br>municipality in Friendswood, Texas; §<br>**FRIENDSWOOD POLICE DEPARTMENT**, a §<br>government agency in Friendswood, Texas; §<br>**JOHN DOES 1-10**, in both their official and §<br>individual capacities as police officers with §<br>Friendswood Police Department; **JANE DOES** §<br>**1-5**, in both their official and individual capacities §<br>as police officers with Friendswood Police §<br>Department; **ALEXIS SACHS** and **AYESHA** §<br>**NANDLAL**, §<br>§<br>*Defendants*. | No. _____ |

## COMPLAINT

Fred Rahdar, (hereinafter "Plaintiff" or "Mr. Rahdar"), by and through undersigned counsel, respectfully submits his Complaint as follows:

### NATURE OF THE CASE

This is a suit challenging the actions of Friendswood Police Officers who conspired with Friendswood Police Officers and Starbucks employees to falsify a criminal trespass charge against Mr. Rahdar. A criminal charge, which was concocted to intimidate and harass Mr. Rahdar, because

Mr. Rahdar deposed an ex-Friendswood Police officer who blew the whistle on the corruption at Friendswood Police Department.

Presently, Mr. Rahdar has two civil rights lawsuits against Friendswood Police Department, its officers, and the City of Friendswood, TX.[1]  For the following reasons Defendants actions have unlawfully interfered with the administration of justice in a federal court and in doing so, Defendants have violated a plethora of laws.

## JURISDICTION AND VENUE

1. This case arises under the First Amendment to the United States Constitution and 42 U.S.C. §§1983, 1985 and 1988.

2. This Court has jurisdiction over the claims asserted pursuant to 42 U.S.C. §§1983 & 1985 and 28 U.S.C. §§1331 and 1343.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff, FRED RAHDAR, is a natural person and resident of Friendswood, Texas. Mr. Rahdar is also a business owner of the Friends Pub, a local restaurant and bar in Friendswood, Texas.

5. Defendant, FRIENDSWOOD POLICE DEPARTMENT, is a government agency in Friendswood, Texas.  Defendants are currently employed or were previously employed by Friendswood Police Department.

6. Defendant, CITY OF FRIENDSWOOD, TX, is a government municipality in Friendswood, Texas.

---

[1] *See Rahdar, et al. v. City of Friendswood, et al.*, 3:22-cv-00280 (June 15, 2023)("*Rahdar* I") and *Rahdar v. Friendswood Police Department*, 3:24-cv-00235 (August 15, 2024)("*Rahdar* II").

7. Defendant, AUSTIN CABALLERO, is a natural person and a patrol officer within the Friendswood Police Department in Friendswood, Texas. He is sued in both his individual and official capacities.

8. Defendant, ASAEL REYES, is a natural person and a patrol officer within the Friendswood Police Department in Friendswood, Texas. He is sued in both his individual and official capacities.

9. Defendants, JOHN DOES 1-10 and JANE DOES 1-5, are police officers with Friendswood Police Department who conspired to intimidate and harass Plaintiff.

10. Defendant, ALEXIS SACHS, is an employee of Starbucks Corporation, located at 107 E. Parkwood Ave. in Friendswood, Texas.

11. Defendant, AYESHA NANDLAL, is an employee of Starbucks Corporation and was present with Alexis Sachs at 107 E. Parkwood Ave. in Friendswood, Texas.

## FACTS AND LEGAL AUTHORITY

12. Beginning in July of 2020, at the direction of Chief Wieners and various supervisory officers, Friendswood Police were ordered to target Mr. Rahdar, Mrs. Ghorbani and Friends Pub ("Targeting Campaign").[2]

13. The Targeting Campaign began after Mr. Rahdar's business, Friends Pub, remained lawfully open during COVID-19.

14. As part of the Targeting Campaign Friendswood Police officers: (1) conducted Driving Under the Influence checkpoints in front of Friends Pub and pulled over Friends Pub patrons to determine "if" they had been drinking; (2) completed bar checks for alcohol, which at times occurred multiple times per day; (3) ex-Friendswood Police Chief Robert Wieners made at

---

[2] *See Rahdar* I, *supra* and *Rahdar* II *supra*.

least 28 complaints to Texas Alcoholic Beverage Commission ("TABC") and directed them to complete bar checks at Friends Pub, (4) conducted surveillance of the Friends Pub parking lot and Friends Pub, (5) targeted Mr. Rahdar for any alleged traffic violations, (6) conducted surveillance on Mr. Rahdar, (7) arrested Mr. Rahdar on five occasions, and (8) posted pictures of Mr. Rahdar, his wife, their vehicles and license plate numbers so that Friendswood Police would target them for arrest. Friendswood police officers were told via radio when Mr. Rahdar was leaving his business. They were then encouraged to look for opportunities to pull Mr. Rahdar over.

15. The Targeting Campaign became more aggressive after Mr. Rahdar put up a billboard in Friendswood which accused ex-Friendswood Police Chief Robert Wieners ("Chief Wieners") of being a bully and called for his removal.

16. Mr. Rahdar also created a website and a petition asking for the removal of Chief Wieners and requested community members to sign. Mr. Rahdar commenced interviews with the media and even filmed a documentary about what he had endured.

17. Prior to 2020, Mr. Rahdar had never been arrested. However, between August 3, 2020 and August 18, 2022, Friendswood Police arrested Mr. Rahdar on at least five separate occasions.[3]

18. On August 12, 2024, Mr. Rahdar was contacted by Jesse Beckwith ("Mr. Beckwith"). Mr. Beckwith is a whistleblower and a police officer who was employed from 2020-2023 by the Friendswood Police Department ("FPD").

19. Mr. Beckwith gave detailed information regarding an intentional and concerted campaign enacted by Chief Wieners, FPD commanding officers and other FPD officers to target and harass Mr. Rahdar and his business, Friends Pub.

---

[3] *Id.*

20. After weeks of motion practice and one hearing,[4] Mr. Rahdar was finally given the opportunity to depose Mr. Beckwith.[5]

21. On December 17, 2024, Mr. Rahdar deposed Mr. Beckwith. Mr. Rahdar and his wife, Mrs. Ghorbani, were present at the deposition.

22. At the deposition, Mr. Beckwith testified that a targeting campaign was enacted to retaliate against Mr. Rahdar, Mrs. Ghorbani and their business because Mr. Rahdar and Mrs. Ghorbani used billboards, websites, and media interviews to speak out against FPD and Chief Wieners.

23. At 3:00 p.m. on December 18, 2024, the day after the Deposition, Mr. Rahdar went into the Starbucks Coffee located at 107 E. Parkwood Ave. in Friendswood, Texas ("Starbucks"). Mr. Rahdar has been purchasing his daily coffee at this particular Starbucks for the past sixteen (16) years.

24. During the past sixteen years, Mr. Rahdar has never been asked to leave Starbucks. Nor has anyone made any complaint about Mr. Rahdar's behavior or reprimanded him.

25. Mr. Rahdar purchased his coffee at Starbucks and went to work at his business, Friends Pub. At 4:23 pm, Mr. Rahdar received a phone call from Defendant Officer Austin Caballero ("Ofc. Caballero").

26. Ofc. Caballero told Mr. Rahdar that he could not return to Starbucks because a criminal trespass complaint ("Criminal Complaint") had been filed against Mr. Rahdar. Mr. Rahdar questioned whether Ofc. Caballero had the correct person. Ofc. Caballero said, "yes, how many Freddies are there in Friendswood who own Friends Pub."

---

[4] *See Rahdar* I, ECF, #97.
[5] *Id*. at ECF, #98.

27. On December 19, 2024, Ofc. Caballero informed Mr. Rahdar that the Criminal Complaint had been dropped.

28. Without any legal basis, Starbucks employees and Defendants Alexis Sachs and Ayesha Nandlal ("Starbucks Employees") worked with FPD officers to intimidate and harass Mr. Rahdar with the Criminal Complaint and interfere with Mr. Rahdar's participation in his civil rights actions.

29. Without any legal basis, FPD Officers conspired with FPD Officers to intimidate and harass Mr. Rahdar with the Criminal Complaint and interfere with Mr. Rahdar's participation in his federal civil rights actions.

30. Mr. Rahdar has requested details from Ofc. Caballero regarding the Criminal Complaint; however, Ofc. Caballero has refused to give any details regarding the Criminal Complaint.

31. On December 20, 2024, Mr. Rahdar requested the Criminal Complaint from FPD and FPD has refused to give it to Mr. Rahdar. FPD did give Mr. Rahdar the "Media Report" which lists Ofc. Caballero and Defendant Officer Reyes ("Ofc. Reyes") as the "Reporting Officers."

32. Defendants have a history of targeting and intimidating Mr. Rahdar after he files a lawsuit against them.

33. According to Mr. Beckwith, FPD officers were told to increase their targeting of Mr. Rahdar and his business and to "crack down" on Mr. Rahdar after he filed *Rahdar* I.

34. Additionally, soon after *Rahdar* I was filed, Chief Wieners and Sergeant Michael Cordero gave the go-ahead to the Galveston County District Attorney's office to file two misdemeanor criminal charges against Mr. Rahdar and issue a warrant for his arrest.[6]

35. Presently, FPD and a Defendant(s) from *Rahdar* I and *Rahdar* II, are conspiring with Starbucks Employees, or private citizens, to intimidate and retaliate against Mr. Rahdar for filing two federal civil rights litigations against them.

36. Mr. Rahdar had no criminal background until Defendants unlawfully placed him in the cross hairs of their illegal Targeting Campaign, and Defendants continue to target and harass him, treating him worse than if he were a career criminal.

**CLAIM 1**
**RETALIATION OF SPEECH**
**VIOLATION OF FIRST AND FOURTEENTH AMENDMENTS**
**PURSUANT TO 42 U.S.C.§ 1983**

37. Plaintiff hereby reiterates and adopts each and every allegation in the preceding paragraphs numbered 1 through 36.

38. The First Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment to the United States Constitution and enforceable pursuant to 42 U.S.C. § 1983, provides that states may not abridge the freedom of speech.

39. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, any citizen of the United States…to the

---

[6] On August 2, 2022, Mr. Rahdar and his wife, Mrs. Ghorbani filed a civil rights lawsuit against Chief Wieners and numerous Friendswood police officers, which included ex- Friendswood Police Chief Bob Wieners and Sergeant Cordero (*Rahdar* I). Soon after Rahdar I was filed, on August 16, 2022, Chief Wieners and Sgnt. Cordero gave the go-ahead to the Galveston County District Attorney's office to file two misdemeanor criminal charges against Mr. Rahdar and issue the capias warrant for Mr. Rahdar's arrest. Notably, Ofc. Caballero is a defendant here and in *Rahdar* I.

deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law…" *See* 42 U.S.C. § 1983.

40. This country enjoys a "profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials." *See New York Times Co. v. Sullivan*, 376 U.S. 254, 269-70 (1964).

41. "[A]s a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions" for engaging in protected speech. *See Nieves v. Bartlett*, 587 U.S. 391, 398 (2019) (quoting *Hartman v. Moore*, 547 U.S. 250, 256 (2006)).

42. Motivated to punish and intimidate Plaintiff for his deposition of Mr. Beckwith and free speech, Defendants engaged in multiple harmful acts against Plaintiff in violation of clearly established First Amendment law.

43. To establish a First Amendment retaliation claim, Plaintiff must show (1) he was engaged in constitutionally protected activity, (2) the Defendants' actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the Defendants' adverse actions were substantially motivated against the Plaintiff's exercise of constitutionally protected conduct.

44. Plaintiff was engaged in a constitutionally protected activity when he publicly disparaged the Friendswood Police.

45. Plaintiff was engaged in a constitutionally protected activity when he filed two civil rights litigations and deposed Mr. Beckwith.

46. Defendants deprived Plaintiff, and continue to deprive Plaintiff, of his rights to free speech and to petition the courts under the First Amendment as incorporated and made applicable to the states via the Fourteenth Amendment.

47. It is clearly established that retaliating against individuals by intimidating them with false criminal charges because of their speech is a violation of the First Amendment. Every reasonable police officer would have had a fair warning that doing so and participating in a scheme to do so is unconstitutional.

48. Defendants' surveillance of Plaintiff's daily activities, intimidation of Plaintiff with the Criminal Complaint, which barred him from his daily coffee stop, because of Plaintiff's speech, litigation efforts and deposition of Mr. Beckwith, would chill a person of ordinary firmness from continuing to engage in that activity.

49. Defendants' retaliatory motives caused Plaintiff's injuries.

50. Defendants were motivated by the content of Plaintiff's speech which had been highly critical of Friendswood Police.

51. Defendants were motivated by Plaintiff's lawsuits and deposition of ex-Friendswood Police officer Jesse Beckwith.

52. The actions of Defendants, acting under the color of law caused Plaintiff significant physical and emotional harm, where Defendants intimidated and harassed Plaintiff with a false criminal complaint for the sole purpose to retaliate against Plaintiff's exercise of his First Amendment rights to speech and petition.

53. The facts demonstrate that the Criminal Complaint, was a sham charge, where the Criminal Complaint occurred within twenty-four hours after Plaintiff deposed Mr. Beckwith, and

was directed by Ofc. Caballero, a named Defendant in *Rahdar* I, is evidence of retaliatory animus and Defendants cannot justify the Criminal Complaint.

54. It is furthermore clearly established that retaliating against individuals by engaging in the various harmful acts described *supra* is a violation of the First Amendment. Every reasonable police officer would have had a fair warning that doing so is unconstitutional.

55. Defendants' unconstitutional acts, motivated by retaliatory animus, directly harmed Plaintiff by chilling his ability to exercise his First Amendment rights and by causing him damages.

56. The actions of Defendants, acting under the color of law caused Plaintiff significant physical and emotional harm, where Defendants intimidated and harassed Plaintiff with the Criminal Complaint.

57. As a direct and proximate result of Defendants continuing violation of Plaintiff's rights, Plaintiff has in the past and will continue to suffer in the future, direct and consequential damages, including but not limited to, the loss of the ability to exercise his constitutional rights.

58. Defendants acted willfully, knowingly and purposefully and/or with deliberate indifference to deprive Plaintiff of his Constitutional Rights and are therefore subject to punitive damages.

## CLAIM 2
## CONSPIRACY
## PURSUANT TO 42 USC § 1985

59. Plaintiff hereby reiterates and adopts each and every allegation in the preceding paragraphs numbered 1 though 58.

60. To state a claim under 42 U.S.C. § 1985(2), plaintiffs must prove either (1) a conspiracy "designed to deny or interfere with equal protection rights" or (2) "a nexus between the

alleged conspiracy and a proceeding in federal court." *Bradt v. Smith,* 634 F.2d 796, 801 (5th Cir.1981).

61. "The first half of §1985(2) aims at conspiracies the object of which is intimidation of or retaliation against parties in any court of the United States. The federal nexus, then, is not the class-based, invidiously discriminatory animus required by the second half of the subsection, but the connection of the proscribed activities to a federal court." *Kimble v. McDuffy, Inc.*, 454 U.S. 1110, 1113 (1981) (quoting *Brawer v. Horowitz*, 535 F.2d 830, 840 (1976)).

62. Presently, Plaintiff has filed two civil rights lawsuits against Defendants in the Southern District of Texas.

63. In *Rahdar* I, Plaintiff is suing Ofc. Caballero, the City of Friendswood and numerous other Friendswood Police officers in both their official and individual capacities.

64. In *Rahdar* II, which is currently stayed, Plaintiff is suing Friendswood Police Department, multiple Friendswood Police officers, and the Mayor of Friendswood, TX, Michael Foreman.

65. Defendants have a history of targeting Plaintiff after Plaintiff initiates a federal lawsuit.

66. After Plaintiff deposed a FPD whistleblower who testified that Defendants targeted, harassed and surveilled Mr. Rahdar because of his speech, Defendants conspired and concocted the Criminal Complaint.

67. The purpose of the Criminal Complaint was to intimidate and harass Mr. Rahdar regarding the federal lawsuits (*i.e.*, *Rahdar* I and *Rahdar* II) and the Criminal Complaint interfered with the administration of justice in a federal court.

68. The actions of Defendants, acting under the color of law caused Plaintiff significant physical and emotional harm, where Defendants intimidated and harassed Plaintiff with the Criminal Complaint.  Conspiring with the Starbucks Employees and FPD officers to agree to file charges for a sham Criminal Complaint after Plaintiff deposed Mr. Beckwith, is evidence of retaliatory animus and Defendants cannot justify the Criminal Complaint.

69. Ofc. Caballero, in his position as a named Defendant in *Rahdar* I, had knowledge of Plaintiff's deposition of Mr. Beckwith.  Mr. Beckwith confirmed that Defendants unlawfully targeted and surveilled Plaintiff in retaliation for his speech and petitioning of the federal courts for relief.  Due to Defendants unlawful surveillance of Plaintiff, Defendants were aware that Plaintiff purchased a daily cup of coffee from Starbucks.  Defendants' sole intention was to intimidate Plaintiff and to remind Plaintiff that they were watching him and could easily cause problems for him.

70. The Starbucks Employees and FPD Officers conspired to intimidate Plaintiff and Defendants' actions have interfered with federal proceedings.

71. Defendants' refusal and failure to produce the Criminal Complaint to Mr. Rahdar, the alleged offender, is also evidence of Defendants retaliatory animus regarding Mr. Rahdar.

72. As a direct and proximate result of Defendants continuing violation of Plaintiff's rights, Plaintiff has in the past and will continue to suffer in the future, direct and consequential damages, including but not limited to, the loss of the ability to exercise his constitutional rights.

73. Defendants acted willfully, knowingly and purposefully and/or with deliberate indifference to deprive Plaintiff of his Constitutional Rights and are therefore subject to punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

A.  That this Court issue a judgment declaring that the acts complained of herein violated the United States Constitution;

B.  An award of compensatory damages to Plaintiff in an amount to be determined at trial including damages for pain and suffering;

C.  An award of punitive damages based upon the actions of Defendants in an amount to be determined at trial;

D.  An award of costs of suit and attorneys' fees; and

E.  Provide any and such further as the Court deems proper and just.

Respectfully Submitted,

*/s/ Jared Woodfill*
Jared Woodfill
State Bar No. 00788715
Fed. Bar No. 17069
E-mail: jwoodfill@woodfilllaw.com
Dorothy "Beth" Chambers
Fed. Bar No. 3898811
3 Riveway, Suite 750
Houston, TX 77056
Telephone: (713) 751-3080
FAX: (713) 751-3058
E-Mail: bchambers@woodfilllaw.com

*Attorneys for Plaintiff*