# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| FRED RAHDAR, <br><br> Plaintiff, <br><br> v. <br><br> AUSTIN CABALLERO, in both his individual and official capacities as a patrol officer with the Friendswood Police Department; ASAEL REYES, in both his individual and official capacities as a patrol officer with the Friendswood Police Department; CITY OF FRIENDSWOOD, TX, a government municipality in Friendswood, Texas; FRIENDSWOOD POLICE DEPARTMENT, a government agency in Friendswood, Texas; JOHN DOES 1-10, in both their official and individual capacities as police officers with Friendswood Police Department; JANE DOES 1-5, in both their official and individual capacities as police officers with Friendswood Police Department; ALEXIS SACHS and AYESHA NANDLAL, <br><br> Defendants. | CIVIL ACTION NO. 3:25-cv-00051 |

### DEFENDANTS ALEXIS SACHS AND AISHA NANDLAL'S
### RULE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants Alexis Sachs and Aisha (incorrectly named "Ayesha") Nandlal file this Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of Plaintiff Fred Rahdar's claims against them under 42 U.S.C.

§ 1983 and 42 U.S.C. § 1985. In support of their Motion, Sachs and Nandlal show the following:

## I.
## INTRODUCTION

In a strewn together Complaint, Plaintiff brings claims against Sachs and Nandlal for allegedly violating his free speech rights under 42 U.S.C. § 1983 and for conspiracy under 42 U.S.C. § 1985. Plaintiff alleges Sachs and Nandlal engaged in a conspiracy with the Friendswood Police Department when he was trespassed for a period of less than twenty-four hours from a single Starbucks location. *See* Dkt. [1]. In truth, Plaintiff was temporarily prohibited from patronizing Starbucks Store #7955 because of his own actions, unrelated to the facts Plaintiff alleges compose the conspiracy against him.

Nevertheless, Plaintiff's claims against Sachs and Nandlal must be dismissed with prejudice because: (1) Plaintiff failed to state a claim against Sachs and Nandlal under § 1983 because Plaintiff failed to allege they were "acting under color of state law;" (2) Plaintiff failed to state a claim against Sachs and Nandlal under § 1983 because he failed to allege facts establishing that Sachs and Nandlal were acting in agreement or conspiracy with state actors in violation of Plaintiff's civil rights; (3) Plaintiff failed to state a claim against Sachs and Nandlal under § 1985 because he failed to allege a single non-conclusory fact connecting Sachs or Nandlal to an alleged conspiracy to obstruct justice in the courts of the United States; and (4) Plaintiff failed to allege any damages incurred as a result of any action or inaction of Sachs or Nandlal. Sachs and Nandlal respectfully request this Court to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6).

## II.
## ISSUES BEFORE THE COURT

Whether Plaintiff's failure to allege facts sufficient to establish that Sachs and Nandlal were "acting under the color of state law", including acting in agreement or conspiracy with state actors in violation of Plaintiff's civil rights under 42 U.S.C. §1983, as required for liability to be attributed to a private citizen, warrants dismissal under 12(b)(6).

Whether Plaintiff's mere recitation of factors and conclusory statements are sufficient to state a claim for relief under 42 U.S.C. § 1983 or 42 U.S.C. § 1985 or whether such statements warrant dismissal under Rule 12(b)(6).

Whether Plaintiff's failure to allege damages attributable to any actions and/or inactions of Sachs and Nandlal warrants dismissal of Plaintiff's 42 U.S.C. § 1983 or 42 U.S.C. § 1985 claims under Rule 12(b)(6).

## III.
## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the Complaint against the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court has explained, the purpose of the rule is to "give the defendant fair notice of what the ...claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when a Plaintiff pleads *factual* content that allows the court to draw the reasonable inference the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted) (emph. added). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is warranted when a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). While a court must accept a plaintiff's factual allegations as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In other words, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by *factual* allegations." *Id*. at 679 (emph. added). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 555). Thus, a court's inquiry begins by "identifying the allegations . . . that are not entitled to the assumption of truth"—i.e., those allegations which are mere conclusions." *Id.* at 664. Next, a court must consider the factual allegations in the complaint to determine if they plausibly suggest an entitlement to relief. *Id.* The mere possibility a defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id.* at 678. Ultimately, Plaintiff must "plead sufficient facts on all the ultimate elements of [her claim] to make [her] case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016).

4

# IV.
# ARGUMENTS AND AUTHORITIES

A. **Plaintiff Failed to State A Claim Against Sachs And Nandlal As To 42 U.S.C. § 1983 Because Neither Defendant was Acting Under Color of State Law.**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts tending to show the defendant acted "under color of state law." *Richard v. Hoechst Celanese Chemical Group, Inc.*, 355 F.3d 345, 352 (5th Cir. 2003) (citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 143 L. Ed. 2d 130 (1999)). "A plaintiff must show that the party charged with depriving the plaintiff of [a] federal right is an entity that can be fairly described as a state actor." *Id.* (citing *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982)). Private conduct, no matter how discriminatory or wrongful, is excluded. *Id*.

Courts examine whether a private party acted under color of state law by applying the "public function test." *Id*. (citing *Bass v. Parkwood*, 180 F.3d 234, 241-43 (5th Cir. 1999)). A private entity acts under color of state law only when the entity performs a function which is exclusively reserved to the state. *Id*. To find state action under § 1983 the plaintiff must satisfy two criteria. *Id*. First, the deprivation at issue must be "caused by the exercise of some right or privilege created by the [s]tate or by a rule of conduct imposed by the state or by a person for whom the [s]tate is responsible." *Lugar* 457 U.S. at 937. Second, the private "party charged with the deprivation must be a person who may be fairly said to be a state actor." *Id*.

Courts also consider whether the state and the private entity worked together to act under color of state law by applying the "state action test." *Id*. (citing to *Jackson v.*

*Metropolitan Edison Co.*, 419 U.S. 345, 357-58, 95 S. Ct. 449, 42 L. Ed. 2d 477 (1974)). The state action test asks whether the state "so far insinuated itself into a position of interdependence with the [private actor] that it was a joint participant in the enterprise." *Id*. The Fifth Circuit held that a "non-state actor may be liable under 1983 if the private citizen was a 'willful participant in a joint activity with the State or its agents.'" *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994)). When a plaintiff fails to allege a private actor engaged in a conspiracy in his § 1983 claim, the claim fails and is subject to dismissal under Rule 12(b)(6). *See Priester* 354 F.3d at 420. Further, when a plaintiff brings a § 1983 claim against a private actor, the plaintiff must establish that "the defendant had personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Miller v. Goggin*, 672 F. Supp. 3d 14, 31 (E.D. Pa. 2023).

  To allege a § 1983 claim against a private citizen, a plaintiff must allege "(1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights." *Id*. A § 1983 claim against a private citizen for violations of the First and Fourteenth Amendments fails as a matter of law when the plaintiff fails to allege a conspiracy or agreement between the private and state actors. *See Fredin v. St.*, No. 19-CV-2864 (SRN-HB), fn.1, 2020 WL 2217280 (D. Minn. May 5, 2020) (recognizing that the terms of the First and Fourteenth Amendments ordinarily apply to governmental action, not private citizens).

  Compare the instant case to similar claims in *Aples v. Administrators of Tulane Educational Trust*. There, the plaintiff alleged the Tulane Police and an individual from a

6

private company called Sodexo conspired to arrest him under the pretext that the plaintiff was picking up his final paycheck. *Aples v. Adm'rs of Tulane Educ. Fund*, No. CV 20-2451, at *1, 2021 WL 5763784 (E.D. La. Oct. 7, 2021). During the arrest attempt, the plaintiff fled, and the police fired on the plaintiff, hitting him. *Id*. The plaintiff sued Tulane and Sodexo under 42 U.S.C. § 1983. *Id*. Sodexo moved to dismiss the complaint under Rule 12(b)(6), asserting that the plaintiff failed to properly allege Sodexo acted under color of state law, failed to properly allege Sodexo took actions that violated the plaintiff's constitutional rights, and that the plaintiff's allegations that Sodexo "hatched a plan" with the Tulane Police was insufficient to support a conspiracy claim. *Id*. at *3.

The Court held the plaintiffs failed to allege a conspiracy between Sodexo and the Tulane Police and dismissed the § 1983 claims, despite a far more detailed factual recounting by the plaintiff than the facts in this case. *Id*. at *9. In *Aples* the plaintiff alleged there was an outstanding warrant for his arrest, that a specific police officer and Sodexo "hatched a plan" to arrest the plaintiff in a service alley, and that a Sodexo employee gave the Tulane Police confirmation of the plaintiff's identity. *Id*. In so holding, the *Aples* court distinguished the *Aples* facts from a case in which a private actor was held to have acted under color of state law, specifically noting the private actor *participated* in the plaintiff's arrest by providing an extra pair of hands. *Id*.

The facts alleged in this case are far less detailed than those in *Aples*. As a threshold matter, Plaintiff failed to allege whether Sachs or Nandlal were acting under color of state law, whether either could be fairly said to be a state actor, or whether they were engaged in a joint enterprise with the other defendants. *See generally*, Dkt. [1]. Mere conclusory

7

allegations are insufficient to state a claim under Rule 12(b)(6). *Iqbal* 556 U.S. at 678. The only factual allegation addressing Sachs and Nandlal's actions appears at ¶28 of Plaintiff's Complaint. The allegations in ¶28 are wholly conclusory, alleging Sachs and Nandlal "worked with FPD officers to intimidate and harass Mr. Rahdar with the Criminal Complaint and interfere with Mr. Rahdar's participation in his civil rights actions." *See* Dkt. [1] at ¶28. Indeed, Plaintiff does not allege Sachs and Nandlal were the source of the trespass complaint or knew of or were aware of any alleged action taken by Mr. Rahdar to "participate in his civil rights action." *See generally* Dkt. [1]. The only factual allegation made directly at Sachs and Nandlal is wholly conclusory and, even if taken as true, fails to support a claim under § 1983. This Court should dismiss Plaintiff's § 1983 claims against Sachs and Nandlal based on this analysis alone.

      Further, Plaintiff failed to allege the facts required to state a claim under § 1983. Plaintiff alleges Sachs and Nandlal are Starbucks employees, not state actors. *See* Dkt. [1], ¶¶ 10, 11. Plaintiff failed to allege any fact connecting Sachs or Nandlal to the Friendswood Police Department. *See generally* Dkt. [1]. Plaintiff failed to allege any fact connecting Sachs or Nandlal to the alleged criminal complaint for trespass. *Id.* Plaintiff failed to allege any fact connecting Sachs or Nandlal with Plaintiff's "participation in his civil rights action" or that Sachs or Nandlal had any knowledge of Plaintiff's participation in a deposition conducted the previous day. *Id.* Plaintiff did not allege the Friendswood Police Department, nor any of its officers, instructed or asked Sachs or Nandlal to trespass Plaintiff from the store. *Id*. Even taken as true that Sachs or Nandlal called Friendswood Police Department to trespass Rahdar – they did not –, the Fifth Circuit held that private

parties do not become state actors merely by calling upon law enforcement for assistance. *Aples* at *9.

There is no allegation Sachs or Nandlal are state actors, were acting on behalf of state actors, or were acting in conjunction with state actors. *Id*. This Court should dismiss Plaintiff's § 1983 claims against Sachs and Nandlal because Plaintiff failed to plead facts sufficient to state a claim under § 1983.

**B.      Plaintiff Failed To State A Claim Against Sachs And Nandlal Under 42 U.S.C. §1985(2) Because Plaintiff Failed To Allege Nonconclusory Facts Regarding Sachs And Nandlal's Participation In The Alleged Conspiracy.**

Plaintiff's claims under § 1985(2) appear to be couched in only the first of two broad categories of conspiracies described in § 1985(2). *See* Dkt. [1], ¶¶60-73; *Bradt v. Smith*, 634 F.2d 796, 801 (5th Cir. 1981). "The first four clauses of § 1985(2) describe conspiracies that are designed to obstruct the course of justice in the federal judicial system." *Bradt* 634 F.2d at 801. A plaintiff seeking to recover under the first four clauses of § 1985(2) must show a nexus between the alleged conspiracy and a proceeding in federal court. *Id*. When a plaintiff's conclusory pleadings fail to allege any facts on which to base a charge of conspiracy to deprive civil rights, dismissal under Rule 12(b)(6) is proper. *U. S. Ex rel. Simmons v. Zibilich*, 542 F.2d 259, 262 (5th Cir. 1976).

Plaintiff refers to two federal lawsuits he labels *Rahdar I* and *Rahdar II* as the federal proceedings he alleges were obstructed.[1] *See* Dkt. [1], ¶¶63-64. Plaintiff alleges his attorney deposed a Friendswood Police Officer in connection with one of those lawsuits,

---

[1] *Rahdar I* was recently dismissed by this Court on summary judgment and *Rahdar II* was stayed.

9

and the next day was trespassed from a single Starbucks location. *Id*. at ¶23, 25-26. It is undisputed that the alleged trespass complaint was withdrawn within twenty-four hours. *Id*. at ¶27.

Plaintiff alleges no facts connecting Sachs or Nandlal to the alleged conspiracy. *See generally* Dkt. [1]. Plaintiff's allegations against Sachs and Nandlal are wholly conclusory and singular in nature: "….Alexis Sachs and Ayesha Nandlal ("Starbucks Employees") worked with FPD officers to intimidate and harass Mr. Rahdar with the Criminal Complaint…." *Id*. at ¶28. Plaintiff failed to allege a single fact showing Sachs or Nandlal made a complaint against Mr. Rahdar or were responsible for or participated in trespassing him from the single store location. *See generally Id*.

Plaintiff further fails to identify how, if at all, Sachs or Nandlal was made aware of the deposition taken in the related litigation and who, if anyone, discussed Plaintiff with Sachs or Nandlal such that there was a joint effort to conspire against him. *Id.* Plaintiff alleged no specific facts to support his conspiracy claims under § 1985(2) against Sachs and Nandlal, and this Court should dismiss the same.

C.     **Plaintiff has no damages against Sachs and Nandlal.**

Plaintiff's allegations of damages for his claims under both § 1983 and § 1985(2) state: "As a direct and proximate result of Defendants continuing violation of Plaintiff's rights, Plaintiff has in the past and will continue to suffer in the future, direct and consequential damages, including but not limited to, the loss of the ability to exercise his constitutional rights." *See* Dkt. [1], ¶¶ 57, 72. A plaintiff seeking damages under § 1985(2) may be entitled to recover nominal, compensatory, and punitive damages *caused by* the

deprivation of civil rights. *See Perez v. Cucci*, 725 F. Supp. 209, 255-56 (D.N.J. 1989), *aff'd sub nom. Appeal of City of Jersey City*, 898 F.2d 139 (3d Cir. 1990), and *aff'd sub nom. Appeal of Lopez*, 898 F.2d 141 (3d Cir. 1990), and *aff'd*, 898 F.2d 142 (3d Cir. 1990).

Every allegation against Sachs and Nandlal, if taken as true, describes a series of events in which Sachs and Nandlal kept Plaintiff from patronizing a single Starbucks location for less than a day. Not one allegation against Sachs and Nandlal describes deprivation of Plaintiff's civil rights. *See generally* Dkt. [1]. Plaintiff failed to plead a cause of action against Sachs and Nandlal with a cognizable underlying damages scheme arising out of the alleged conspiracy. *Id.* Plaintiff does not have a constitutional right to purchase coffee at a particular Starbucks location. Plaintiff failed to allege that he lost his ability to or otherwise was prevented from exercising his constitutional rights as a result of any action taken by Sachs and Nandlal. Even if Plaintiff pled sufficient facts to state a claim for relief against Sachs and Nandlal, Plaintiff failed to plead any theory of damages against them.

## V.
## CONCLUSION

Plaintiff's Complaint fails to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). Defendants Alexis Sachs and Aisha/ Nandlal as this Court to grant their Motion to Dismiss and dismiss all claims asserted against them in Plaintiff's Complaint with prejudice.

11

Dated: May 28, 2025

*Of Counsel:*

Matthew Pyle
Texas Bar No. 24123135
Federal I.D. No. 3839342
mpyle@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:   713.951.9400
Facsimile:   713.951.9212

Respectfully submitted,

*/s/ Allison C. Williams*
Allison C. Williams *(Attorney-in-Charge)*
Texas Bar No. 24075108
Federal I.D. No. 1138493
acwilliams@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:   713.951.9400
Facsimile:   713.951.9212

**ATTORNEYS FOR DEFENDANTS ALEXIS SACHS AND AYESHA NANDLAL**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on May 28, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing upon the counsel below:

Jared Woodfill
Dorothy "Beth" Chambers
3 Riverway, Suite 750
Houston, TX 77056
jwoodfill@woodfilllaw.com
bchambers@woodfilllaw.com

  ***Attorneys for Plaintiff***

          */s/ Matthew Pyle*
          Allison C. Williams
          Matthew Pyle