Case 3:25-cv-00051   Document 33   Filed on 07/29/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
July 29, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| FRED RAHDAR, § | |
| § | |
| Plaintiff. § | |
| § | |
| V. § | CIVIL ACTION NO. 3:25-cv-00051 |
| § | |
| AUSTIN CABALLERO, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me are two motions to dismiss. Defendants Austin Caballero, Asael Reyes, and the City of Friendswood (the "City") (collectively, the "Friendswood Defendants") filed one motion. *See* Dkt. 15. Defendants Alexis Sachs and Aisha[1] Nandlal (collectively, the "Starbucks Defendants") filed the other motion. *See* Dkt. 19. Having reviewed the briefing, the record, and the applicable law, I recommend both motions be granted.

## BACKGROUND

Plaintiff Fred Rahdar alleges that, in July of 2020, the Friendswood Police Department ("FPD") and FPD officers began targeting him and his business, Friends Pub, because Rahdar publicly criticized the FPD. In 2022 and 2024, Rahdar initiated lawsuits against the City and various FPD officers related to the alleged "targeting campaign" against him. *See Rahdar v. City of Friendswood*, 3:22-cv-00280 (S.D. Tex.) ("*Rahdar I*"); *Rahdar v. Friendswood Police Department*, 3:24-cv-00235 (S.D. Tex.) ("*Rahdar II*").

On December 17, 2024, Rahdar deposed former FPD Officer Jesse Beckwith in connection with claims that Rahdar made against the City in *Rahdar I*. The next day, Rahdar went to his local Starbucks. Rahdar alleges he has patronized that Starbucks daily for the last 16 years. After purchasing his coffee, Rahdar went back

---

[1] Nandlal is "incorrectly named 'Ayesha'" on the docket sheet. Dkt. 19 at 1.

to work at Friends Pub, where he received a phone call from Caballero informing Rahdar that he could not return to that Starbucks location because FPD had received a complaint from a Starbucks employee about Rahdar (the "Starbucks Complaint"). The next day, December 19, 2024, Caballero called Rahdar to inform him that the Starbucks Complaint had been dropped. Rahdar maintains that Caballero has improperly refused to provide Rahdar with any details regarding the Starbucks Complaint.

On February 24, 2025, Rahdar filed this lawsuit. He alleges that the Friendswood Defendants and the Starbucks Defendants worked together to intimidate and harass Rahdar with the Starbucks Complaint, and to interfere with Rahdar's right to free speech and participation in *Rahdar I* and *Rahdar II*. Rahdar alleges that Caballero knew Rahdar had just deposed Beckwith because Caballero is a party to *Rahdar I*.[2] Thus, Rahdar reasons that Caballero acted with the "sole intention" of intimidating Rahdar and reminding Rahdar that the FPD was "watching him and could easily cause problems for him." Dkt. 1 at 12. Rahdar brings claims against Defendants for First Amendment retaliation under 42 U.S.C. § 1983 and conspiracy pursuant to 42 U.S.C. § 1985(2).

## RULE 12(b)(6) STANDARD

A complaint must be dismissed when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint need not contain detailed factual allegations, it "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true

---

[2] *Rahdar I* is currently on appeal to the Fifth Circuit after summary judgment was entered against plaintiffs. *See Rahdar v. City of Friendswood*, No. 25-40302 (5th Cir.).

raise a right to relief above the speculative level." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quotation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. At the dismissal stage I construe the facts "in the light most favorable to the plaintiff." *Crane v. City of Arlington*, 50 F.4th 453, 461 (5th Cir. 2022) (quotation omitted).

## ANALYSIS

Defendants argue that Rahdar's claims should be dismissed because Rahdar fails to allege a constitutional violation. Additionally, Caballero and Reyes argue that they are entitled to qualified immunity, while the City argues that Rahdar has failed to plead municipal liability. As explained below, Rahdar has not alleged a constitutional violation. Thus, I need not reach the questions of qualified immunity or municipal liability. *See Cochran v. City of Deer Park*, 108 F. App'x 129, 131 (5th Cir. 2004) ("The [governmental entities] were properly dismissed, because . . . the complaint failed to state a claim for an underlying federal constitutional violation on which to premise municipal liability."); *Quives v. Campbell*, 934 F.2d 668, 669 (5th Cir. 1991) (holding that the plaintiff "failed to state a claim of any constitutional violation and . . . hence, we may affirm without reaching the issue of qualified immunity").

**A.    RAHDAR FAILS TO STATE A § 1983 CLAIM**

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To plead § 1983 liability, Rahdar "must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000).

3

Rahdar asserts First Amendment retaliation against all Defendants. "[T]he First Amendment prohibits not only direct limitations on speech but also adverse government action against an individual because of [his] exercise of First Amendment freedoms." *Colson v. Grohman*, 174 F.3d 498, 508 (5th Cir. 1999). To state a claim for First Amendment retaliation, Rahdar must allege that "(1) [he was] engaged in constitutionally protected activity, (2) the defendants' actions caused [him] to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendants' adverse actions were substantially motivated against [his] exercise of constitutionally protected conduct." *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002).

Taking Rahdar's allegations as true, it was a Starbucks employee, not Caballero, who complained about Rahdar's presence at Starbucks. Yet, Rahdar fails to connect his ongoing lawsuits to Starbucks, or to connect the Starbucks Defendants to the FPD. Rahdar alleges that the "FPD and a Defendant(s) from *Rahdar I* and *Rahdar II*, are conspiring with Starbucks Employees, or private citizens, to intimidate and retaliate against Mr. Rahdar for filing two federal civil rights litigations against them." Dkt. 1 at 7. Rahdar offers no facts explaining why employees of Starbucks—a private business—would make a "sham" complaint about him to the FPD, or how such a complaint is connected to his lawsuits against the FPD. *Id.*[3] More fundamentally, there are no allegations in the Complaint that the Starbucks Employees were aware of *Rahdar I* or *Rahdar II*, or that they even knew that Beckwith's deposition had been taken the day before the Starbucks Complaint. And simply stating that Starbucks is conspiring with the FPD is exactly the type of conclusory statement that cannot survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678. Because Rahdar has not alleged any facts connecting

---

[3] The Friendswood Defendants attached a video to their motion to dismiss arguing that it provides necessary details regarding the Starbucks Complaint that Rahdar omitted from the complaint. *See* Dkt. 15-1. I have not considered the video in making my recommendation.

Starbucks to either his ongoing lawsuits or the FPD, he has failed to plead that any Defendants' actions were substantially motivated against his exercise of his free speech rights.[4] Thus, Rahdar fails to state a § 1983 claim for First Amendment retaliation against any Defendant.

## B.   RAHDAR FAILS TO STATE A § 1985(2) CLAIM

Section 1985(2) allows a party to bring an action for the recovery of damages caused by injury or deprivation

> [i]f two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified . . . .

42 U.S.C. § 1985(2). To succeed on this claim, Rahdar must allege "a nexus between the alleged conspiracy and a proceeding in federal court." *Mitchell v. Johnson*, No. 07-40996, 2008 WL 3244283, at *4 (5th Cir. Aug. 8, 2008) (quotation omitted). Rahdar must allege facts "showing that a conspiracy exists." *Marceaux v. Lafayette City-Par. Consol. Gov't*, 921 F. Supp. 2d 605, 643 (W.D. La. 2013). Rahdar can do this only by alleging "facts that suggest that an agreement existed among the state and private actors to deprive him of his constitutional rights." *Green v. State Bar of Tex.*, 27 F.3d 1083, 1088 (5th Cir. 1994). Yet, as discussed above, Rahdar does not allege any facts connecting (1) the Starbucks Defendants to the Friendswood Defendants, or (2) any alleged conspiracy to his ongoing lawsuits. The Complaint contains a wholly conclusory allegation that the Starbucks Defendants "worked with FPD Officers to intimidate and harass Mr. Rahdar . . . and interfere with Mr. Rahdar's participation in his civil rights actions."

---

[4] Even if Rahdar had stated a First Amendment retaliation claim against Caballero, he fails to allege any facts regarding the Starbucks Defendants, much less facts suggesting the Starbucks Defendants, private citizens, should be treated as state actors. As to Reyes, Rahdar alleges only that Reyes was listed on a "Media Report," not that Reyes did anything at all in connection with Rahdar's claim. Dkt. 1 at 6. Finally, Rahdar fails to allege any City policy or custom that would give rise to municipal liability. These are all separate and independent reasons for granting dismissal.

Dkt. 1 at 6. Because Rahdar alleges no facts suggesting an agreement between the Starbucks Defendants and the Friendswood Defendants, his § 1985(2) claim must fail. *See Perkins v. Gregg County*, No. 6:94-cv-328, 1995 WL 836051, at *5 (E.D. Tex. Dec. 6, 1995) ("Conspiracy is a required element of a cause of action under § 1985(2), and the failure to allege a conspiracy necessitates dismissal for failure to state a claim.").

## CONCLUSION

For the reasons discussed above, I recommend that both motions to dismiss (Dkts. 15, 19) be granted and the court enter final judgment against Rahdar.[5]

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 29th day of July 2025.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[5] A district court may dismiss a case on its own initiative "for failure to state a claim as long as the procedure employed is fair to the parties." *Century Sur. Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015). Fairness requires notice and the opportunity to be heard. *See id.* This memorandum and recommendation serves as such notice for the claims Rahdar brings against defendants John Does 1–10 and Jane Does 1–5, who are identified as "police officers with [the FPD] who conspired to intimidate and harass" Rahdar. Dkt. 1 at 3. Importantly, Rahdar but makes no factual allegations against any Doe defendant. It is well-settled that "a plaintiff must [show] that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Because Rahdar has failed to allege any facts supporting a constitutional violation or an actionable conspiracy, dismissal of the Doe defendants is mandated.